## WILLIAM T. JULIO *vs.* HENRY T. INGALLS & others.

A. and B. made an agreement in writing, by which B. was to furnish a vessel and cargo, and A. was to take charge of the same and prosecute a certain voyage upon the following terms, namely, "Monthly wages fifty dollars, and one fifth interest in the voyage, he furnishing one thousand towards the one fifth." A. received and acted upon a letter of instructions from B., saying, "Your interest in the vessel and cargo is one fifth part." Other voyages were made with the same and another vessel, and A. received and acted upon another letter of instructions from B., saying, "For your services you are to receive fifty dollars per month, and one fifth interest in all the vessels and cargoes I may send to you." The accounts of all the voyages were kept as partnership accounts, which A. knew. At the end of the transactions, A. claimed to own one fifth of the property that was left. *Held,* that A. and B. were partners.

CONTRACT. At the trial in this court, before *Metcalf,* J., the report of an auditor was introduced, and judgment was entered by consent for the defendants, subject to the opinion of the whole court, upon such of the evidence reported as might be found competent, upon the question whether a partnership existed between the parties. It appeared that the parties executed articles of agreement, as follows :

" Articles of agreement entered into this day by and between Captain William T. Julio on the first part, and Henry T. Ingalls, for himself and others, of the second part, viz :

" The party of the second part agrees, as soon as may be practicable, to furnish a suitable vessel and cargo adapted to the trade on the west coast of Africa, the whole expense to be not less than fifteen, nor over eighteen thousand dollars ; and the said Julio of the first part agrees to take charge of said vessel and cargo, and prosecute a voyage to Benguela and other ports on the coast of Africa, as master and supercargo, upon the following terms, viz : — monthly wages fifty dollars, and one fifth interest in the voyage, he furnishing one thousand towards the one fifth.     " Henry T. Ingalls,

" New York, June 1st 1852.     " W. T. Julio."

A brig was accordingly purchased by Ingalls and the other defendants, they being jointly interested, with the knowledge of the plaintiff, and the plaintiff took command of her and proceeded on the voyage, receiving from the defendant the following letter of instructions :

4 *

" New York, July 8th 1852.   Captain W. T. Julio.— Dear Sir : You are hereby appointed master and supercargo of the brig Reindeer, now laden with an assorted cargo adapted to trade on the west coast of Africa.   As soon as the vessel is ready for sea, you will sail direct for the port of Benguela, Africa.   At this place you will dispose of such portion of your cargo as can be sold to advantage, and invest the proceeds in gum copal, ivory, and such other produce of the country as you may judge will make the best returns."

" Your interest in the vessel and cargo is one fifth part. For your services you are to receive fifty dollars per month, which is to be in full compensation."

In making up the accounts of this voyage, the defendant Ingalls charged and credited the plaintiff as a part-owner and copartner in the enterprise to the extent of one fifth, in the same manner as he charged and credited the other defendants and himself to the extent of their several proportions ; and this was done with the knowledge of the plaintiff, and without objection on his part; and these accounts showed a profitable voyage.

Subsequent voyages were made with the same and another vessel, which was afterwards purchased at the special instance of the plaintiff, and the plaintiff proceeded to the coast of Africa, where he had the entire management of the business pertaining to them for nearly three years, having received, at the outset, the following letter of instructions from the defendant :

" Captain William T. Julio. — Dear Sir : You are hereby appointed supercargo of the Am. brig Reindeer, Isaac K. Moulton, master, bound on a trading voyage to the west coast of Africa and adjacent islands."

" You are expected to remain on the coast, provided business meets your expectations, one or more years, to receive the consignment of such vessels and cargoes as I may despatch to you, and make returns to the writer at New York."

" For your services you are to receive fifty dollars per month, and one fifth interest in all the vessels and cargoes I may send to you."

The accounts of all these subsequent voyages were kept in the same manner as those of the first voyage, and were nearly or quite all rendered to the plaintiff from time to time, in the form of accounts of sales, no separate account of each voyage being kept by said Ingalls; and this mode of keeping accounts was not objected to by the plaintiff.

It was proved that the plaintiff, after his final return from the coast, by letter to the agent left in charge there by the plaintiff, claimed to be the owner of one fifth of all the property on the coast pertaining to this enterprise or business.

Upon all the facts, the auditor found that the above transactions between the parties, which are the subject-matter of this suit, formed one continuous enterprise.

*J. C. Perkins & W. G. Choate,* for the plaintiff.   The relation existing between the parties was that of principal and agent; and the plaintiff's share in the profits was received only as compensation.   *Rice* v. *Austin,* 17 Mass. 197.   *Denney* v. *Cabot,* 6 Met. 82.   *Holmes* v. *Old Colony Railroad Co.* 5 Gray, 58. *Mair* v. *Glennie,* 4 M. & S. 240.   *Hickman* v. *Cox,* 3 C. B. (N. S.) 523.   *French* v. *Price,* 24 Pick. 13.

*S. B. Ives, Jr.* for the defendants, cited 3 Kent Com. (6th ed.) 24 & seq.; Colly. on Part. §§ 3–13; *Reid* v. *Hollinshead,* 4 B. & C. 867; *Dob* v. *Halsey,* 16 Johns. 34; *Peacock* v. *Peacock,* 16 Ves. 49.

HOAR, J.   We think the evidence reported by the auditor, to which no exception was taken, clearly establishes a partnership between the plaintiff and the defendants.   If the original agreement, by itself, or in connection with the other written evidence, is sufficient to show a common interest in the net profits, and a joint property in the capital invested in the common enterprise, the contract must fall within the recognized definitions of a partnership.   It would then contain the elements of a contribution both of capital and labor by the plaintiff, and a contribution of ʼapital by the defendants; a joint trading upon it; a right in the plaintiff to share in the profits, after deducting the losses; and not merely a lien upon the property invested for his share of the profits, but a joint ownership of the whole property, at

every stage of the enterprise, involving necessarily a right to an account.

By the contract, it is left somewhat doubtful what is meant by the phrase "one fifth interest in the voyage." The terms of the plaintiff's engagement are said· to be, "Monthly wages fifty dollars, and one fifth interest in the voyage, he furnishing one thousand towards the one fifth." But for the last clause, by which the plaintiff agrees to contribute to the capital employed, it might be supposed that a mere agreement as to the rate of compensation was intended. But this provision seems hardly consistent with such a supposition; and the ambiguity is effectually removed by the statement of the contract in the letter of instructions, that "your interest in the vessel and cargo is one fifth part." The same agreement is shown by the second letter of instructions; except that there the interest in the vessels and cargoes is spoken of as a part of the plaintiff's compensation. But the accounts kept and rendered to the plaintiff from time to time, without objection on his part, and his letter asserting his ownership in the property at the conclusion of the enterprise, are conclusive proof against him of the true construction of the agreement. And, from the whole taken together, it is evident that his interest in the voyage was not a mere measure of the rate of compensation for his services, bringing the case within the principle of the cases cited by the plaintiff's counsel; but, on the contrary, that he was to invest his labor and capital in a joint enterprise with the defendants, with a common property in the result.

In this view, the fact that he was to receive a fixed pecuniary monthly compensation as wages, though an important fact in construing the agreement, cannot be regarded as decisive. It is not inconsistent with a contract of partnership, nor do we suppose it to be a very uncommon arrangement between partners, that one of them shall receive a fixed sum in addition to his share in the profits, on account of some special contribution of labor, skill, time, or capital, which he makes to the concern.

*Judgment to stand for the defendants.*